THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GLORIA JO-CORDOVA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ALLSTATE FIRE & CASUALTY INSURANCE COMPANY,<br><br>　　　　Defendant. | CASE NO. C22-0996-JCC<br><br>ORDER |

　　　　This matter comes before the Court on Defendant's motion to compel (Dkt. No. 27). Defendant seeks more complete answers to certain interrogatories and all documents responsive to certain requests for production, along with attorney fees in so moving. (*Id.* at 6–11.) Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS in part and DENIES in part the motion for the reasons explained herein.

　　　　In a civil action, parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The Court has broad authority and discretion to manage this process. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). It expects that the parties will work to conduct discovery efficiently and cooperatively. *See HP Tuners, LLC v. Sykes-Bonnett*, 2018 WL 10398220, slip op. at 1 (W.D. Wash. 2018). Accordingly, the filing of discovery motions is

strongly disfavored. *See, e.g., Est. of Jensen by Dow v. Cnty. of Snohomish*, 2021 WL 3418800, slip op. at 1 (W.D. Wash. 2021). Nevertheless, if the parties are unable to agree on a given discovery issue, the Court will step in to resolve the disputed issue.

The Court has reviewed the chronology of Plaintiff's responses, along with the responses themselves. (Dkt. Nos. 28, 33.) It appears clear that Plaintiff's belated responses are, in many instances, incomplete. (*Id.*) And **all** objections raised by Plaintiff regarding those requests are waived as untimely. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992). This includes objections based on privilege. *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).

Accordingly, to the extent Plaintiff raised a general objection to a request for production, (*see* Dkt. No. 33 at 70–88), that objection is waived, and Plaintiff is ORDERED to provide responsive material. Plaintiff is further ORDERED to fully respond to the following specific interrogatories and requests for production, as described below:

- *Interrogatory No. 1 / Request for Production No. 8* – provide a list of **all** medical providers and pharmacies who provided care, treatment, advice, or prescription medication for **any** condition, injury, illness, or maintenance, physical, mental, or otherwise in the five (5) years prior to the June 13, 2019 accident to present.[1] And supplement the medical release as needed to include these providers.
- *Interrogatory No. 2* – identify **all** people with knowledge related to Plaintiff's claims, injuries and damages, and describe that knowledge.
- *Interrogatory No. 6* – identify **all** economic damages, including wage/income loss and other earning capacity loss arising from the accident.
- *Interrogatory No. 8* – identify **all** social media accounts Plaintiff currently has or has had in the past five (5) years to present.[2]
- *Interrogatory No. 9* – describe in detail **all** accidents and injuries in the five (5) years prior to the June 13, 2019 accident to present.[3]
- *Interrogatory No. 10* – provide a complete response of relevant activities, once Defendant further defines "social activity."

---

[1] Modified by Court to ensure the request is not overbroad and is proportional to the needs of the case.
[2] *Id.*
[3] *Id.*

- *Interrogatory No. 15* – describe *in detail* the alleged changes to your relationships resulting from the incident.
- *Interrogatory No. 16* – describe *in detail* your exercise regime before and after the incident, including who or whom you exercised with.
- *Interrogatory No. 17* – describe *in detail* each vacation and overnight trip taken since January 1, 2016.

The Court finds Interrogatory No. 7 duplicative of other discovery to be produced in this matter, and as such, will not compel Plaintiff to respond.

Defendant seeks attorney fees in moving to compel. (Dkt. No. 27 at 11.) If a party provides requested discovery only after the opposing party files a motion to compel, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The Court cannot order such payment "if the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action," the nondisclosure was substantially justified, or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii). Given the circumstances here, specifically, the recent birth of Plaintiff's child, the Court finds that such an award would be unjust, at least at this time. However, the Court will not necessarily be so charitable the next time.

For the foregoing reasons, Defendant's motion to compel (Dkt. No. 27) is GRANTED in part and DENIED in part. Plaintiff is ORDERED to produce the discovery described above within thirty (30) days of this Order.

DATED this 16th day of June 2023.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE